IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ADRIANO ROMEIRO CUSTODIO OLIVEIRA** | : | |
| *Petitioner,* | : | |
| | : | |
| v. | : | **CIVIL NO. 26-1904** |
| | : | |
| **J. L. JAMISON et al.,** | : | |
| *Respondents.* | : | |
| | : | |

**Scott, J.**                                                                                          **April 1, 2026**

## MEMORANDUM

Petitioner Adriano Romeiro Custodio Oliveira filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, seeking immediate release. ECF No. 1 at 17. Mr. Romeiro Custodio Oliveira alleges that his detention by the United States Immigration and Customs Enforcement ("ICE") violates the Immigration and Nationality Act ("INA"), Administrative Procedure Act, and his Fifth Amendment Due Process rights. *Id.* at 12–16.

Mr. Romeiro Custodio Oliveira is a noncitizen from Brazil. *Id.* at 5. He entered the United States in December 2021 and turned himself in to the Department of Homeland Security ("DHS") while seeking assistance with pursuing asylum. *Id.* DHS proceeded to detain and process Mr. Romeiro Custodio Oliveira, initiating removal proceedings before releasing him. *Id.* Upon his release, Mr. Romeiro Custodio Oliveira proceeded to live and work in Philadelphia for years. *Id.* On March 23, 2026, DHS officials detained Mr. Romeiro Custodio Oliveira after stopping a car in which he was riding. *Id.*

Mr. Romeiro Custodio Oliveira is detained pursuant to 8 U.S.C. § 1225(b)(2), which states

that "an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title." The central issue of this case is summarized in the Government's brief: "the fundamental point of departure between the government's position, on the one hand, and petitioners' position (which to date over 190 decisions in this District have adopted), on the other, turns on how to interpret § 1225(b)(2)(A)." ECF No. 3 at 2.

For the reasons given in *Kashranov v. Jamison* and *Demirel v. Fed. Det. Ctr. Philadelphia*, this Court holds that Mr. Romeiro Custodio Oliveira's detention violates the INA. 2025 WL 3188399 (E.D. Pa. Nov. 14, 2025); 2025 WL 3218243 (E.D. Pa. Nov. 18, 2025); *see also Ndiaye v. Jamison*, 2025 WL 3229307 (E.D. Pa. Nov. 19, 2025); *see also Cantu-Cortes v. O'Neill*, 2025 WL 3171639 (E.D. Pa. Nov. 13, 2025); *see also Centeno Ibarra v. Warden of the Fed. Det. Ctr. Philadelphia*, 2025 WL 3294726 (E.D. Pa. Nov. 25, 2025).

This Court therefore grants Mr. Romeiro Custodio Oliveira's request for immediate release, given that his detention under 8 U.S.C. § 1225(b)(2) violates the INA. Moreover, ICE is enjoined from detaining Mr. Romeiro Custodio Oliveira under 8 U.S.C. § 1226(a) for seven days following his release.

.

2